THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS CESTAU MORENO k/a CHAFLÁN, Defendant and Appellant.

Nos. CR-63-413 to CR-63-415. Decided February 17, 1965.

*José Torres Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Luis Cestau Moreno, appellant herein, was found guilty of an offense of attempt to commit murder and two other offenses, one for violation of § 8 and another for violation of § 6 of the Weapons Law (25 L.P.R.A. §§ 416 and 418). On February 9, 1962, he was sentenced to serve from 3 to 15 years' imprisonment in the penitentiary for the first offense, one year imprisonment in the penitentiary for the second, and one year in jail for the third, to be served concurrently with the second sentence. On appeal, he maintains that the trial court erred (a) in admitting in evidence the fifth exhibit of the district attorney consisting in the sworn statement of defense witness Menéndez Conde; and (b) in failing to instruct the jury on attempt to commit manslaughter, on aggravated assault and battery, and on the defense of alibi.

According to the testimony of Bienvenido Tosado Feliciano, the latter made appellant's acquaintance on or about December 1, 1960, while on a mission as undercover agent at pier No. 13 of San Juan; that the following day, when

Tosado complained that he could not get work, appellant offered him work consisting in placing a Molotov bomb in El Imparcial; that on December 7, around 9:30 p.m., the former called Tosado at the Escudo Bar and asked him to meet him at Masons Club at stop 22 and Fernández Juncos Avenue; that there appellant invited him to get in a Chevrolet car, and when he did Cestau kicked him inside and another person who was inside the car struck him on the nape, as a result of which he lost consciousness; that from there he was taken to a place known as El Monte, in Hato Rey, where appellant took out a revolver with a silencer, and Tosado, upon seeing him, jumped upon him and in the struggle a shot went off piercing Tosado's hand. Another shot also went off. Cestau's companion struck Tosado and immediately Cestau fired at him a third shot which pierced his thigh. Just then the horn of the vehicle sounded and Cestau and his companion left. Tosado managed to drag himself to the avenue where he was picked up by the police patrol and taken to the hospital. Two or three days later the detective took Cestau to the hospital, and Tosado identified him as the person who fired at him in the manner stated. Appellant based his defense on an alibi consisting in that in the evening of the occurrences in question witness Febus Marrero waited on appellant, another man and two girls from 9:05 or 9:10 until 11:30 p.m., in "Al Little Club" at stop 23, Santurce. Witness Menéndez Conde testified that he accompanied Cestau Moreno to the club, then to Conde's apartment, later to Scharneco to buy cigarettes and have coffee; they returned to the apartment and left at 3 a.m. On cross-examination, reference was made to a statement given by Menéndez Conde on December 11, 1960, in which he was asked: "Could you tell me whether in the evening of December 8, 1960, you were, after 10 p.m., in the company of Luis Cestau Moreno?," and the witness answered: "I could not tell you for sure until I verify it."

The witness admitted that the content of this statement was correct.

■ At the close of the defense argument to the jury, the district attorney offered in evidence the said written statement. The defense said: "Your Honor, it is not in order. If the colleague had offered that sworn statement in evidence, I would have commented on it, but I did not do it because it had not been offered in evidence." The trial court admitted it nonetheless. The content of that statement had actually been admitted on cross-examination of the witness without objection by the defense. It is urged that the trial court should have read that statement and instructed the jury on its scope; that its admission without instructing the jury thereon and without knowing whether or not the statement was transmitted to the jury was prejudicial to defendant. This assignment is without merit, since the content of the statement was admitted in evidence during the cross-examination of the witness, without objection by the defense. At any rate, it was evidence without consequence on a fact which occurred the day after the offense, under circumstances in which there was independent and sufficient evidence to sustain the verdict. *People* v. *Pacheco*, 83 P.R.R. 505, 515 (1961).

■ The defense did not object at all to the trial court's instructions, nor requested specific instructions on the points complained of on appeal, notwithstanding specific instructions were requested. Since the alibi was the only defense adduced, a verdict of guilty against appellant other than that returned was not proper, since appellant denied being the aggressor. Under the theory of alibi, if believed, a verdict of acquittal and no other was proper. *People* v. *Del Valle*, *ante*, p. 167. Regarding the lack of instructions on alibi, the fact is that the court in its closing statement to the jury made specific reference to the facts on which this defense

rested, and instructed the jury that "you should also acquit him if you believe that Luis Cestau Moreno, the defendant, was not there, at that place, at the moment the facts were committed . . . if you have any doubt as to whether he was there, in that case you should give defendant the benefit of the doubt and acquit him."

 Lastly, the defense alleges that the instruction in the sense that appellant "has taken the witness stand and his testimony, as that of any other witness, should therefore be taken into consideration, bearing in mind also the interest of every accused in his own cause," has the effect of controverting and discrediting both the defense of alibi and the presumption of innocence of appellant to the point of voiding completely the presumption of his innocence. Already we have held several times that such an instruction conforms to law. *People* v. *Febres*, per curiam decision of June 15, 1964; *People* v. *Morales*, 39 P.R.R. 27, 33 (1929).

The judgment rendered in this case by the Superior Court, San Juan Part, on February 9, 1962, will be affirmed.